**Harminder KAUR, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–0333–ag.

United States Court of Appeals, Second Circuit.

March 10, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Sue Chen, Special Assistant United States Attorney, David S. Jones, Assistant United States Attorney, New York, New York, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Harminder Kaur, a native and citizen of India, seeks review of a December 30, 2005 order of the BIA affirming the July 8, 2005 order of Immigration Judge ("IJ") Sandy Hom denying her motion to reopen her removal proceedings. *In re Harminder Kaur*, No. A75 251 725 (B.I.A. Dec. 30, 2005), *aff'g* No. A75 251 725 (Immig. Ct. N.Y. City July 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a threshold matter, our review is confined only to the agency's denial of Kaur's motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's denial of a motion to reopen for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

We conclude that the agency did not abuse its discretion in denying Kaur's motion to reopen. A movant's failure to establish *prima facie* eligibility for the underlying substantive relief sought is a proper ground for the agency to deny a motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). As the Government argues, Kaur is ineligible for the underlying relief

that she seeks, whether adjustment of status or asylum, because she is permanently barred from receiving any immigration benefits as a result of the finding of frivolousness that the IJ made against her. *See* 8 U.S.C. § 1158(d)(6).[1] Because Kaur did not challenge that finding before the BIA, that finding is final, and Kaur is permanently ineligible for any immigration benefits. Accordingly, the agency did not abuse its discretion in denying Kaur's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. 8 U.S.C. § 1158(d)(6) provides,
   If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application.